FILED

MAR 27 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DEAN STACY, NORMA STACY, DONALD STACY, STEVE CARVEY, and ANTHONY STACY,<br><br>Plaintiffs,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>Defendant. | CV 13-87-M-DWM-JCL<br><br>ORDER |

This matter comes before the Court on Defendant BNSF Railway Company's ("BNSF") motions for summary judgment. (Doc. 68, 71, 74, 77, 80.) Magistrate Judge Lynch entered findings and recommendations on February 23, 2015, recommending the Court grant BNSF's motions because the plaintiffs' claims are barred by the statute of limitations and the plaintiffs cannot establish the essential elements of their claim for negligence without expert testimony. (Doc. 146.) The Court agrees with Judge Lynch, and BNSF's motions are granted.

The parties are entitled to *de novo* review of the specified findings or

1

recommendations to which they object. 28 U.S.C. § 636(b)(1). Findings and recommendations not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). On March 25, 2015, the plaintiffs filed a "motion against summary judgment," which is construed as an objection. (Doc. 147.)

The plaintiffs raise five points in their objection. First, they contend that it was BNSF, not the plaintiffs, that chose to be in Federal court. Second, that an automatic bankruptcy stay on proceedings against W.R. Grace and BNSF was what delayed their claims. Third, that the plaintiffs do not have an expert witness. Fourth, extensive medical histories were provided to BNSF. And, finally, that BNSF has taken actions to remove asbestos from certain areas but not others even though BNSF transported "loaded cars" through these places. Having considered these objections, the Court agrees with Judge Lynch's analysis and conclusions.

First, it is unclear how the fact this case was removed to Federal court impacts the summary judgment analysis. To the extent the plaintiffs are arguing that it is inconsistent for BNSF to want to be in this Court and at the same time seek summary disposition of the plaintiff's claims, such an argument is

unpersuasive and has no bearing the legal or factual issues before the Court.

The plaintiffs' second objection is construed as a response to BNSF's statute of limitations argument. According to the plaintiffs, their claims were initially brought in 2001 and it was the bankruptcy stay that caused the prolonged delay in adjudication. There are two factual problems with the plaintiffs' argument. First, their respective cases in 2001 were against WR Grace, not BNSF. (*See* Docs. 70-9, 70-10, 73-7 at 1-3, 76-10 at 3, 79-7.) Second, the stay was not extended to BNSF until 2008, (Doc. 6-1 at 33-34), and the plaintiffs did not file anything against BNSF during that seven year period. By the time BNSF was made part of the bankruptcy stay, the statute of limitations had already run. As a result, the claims of Plaintiffs Dean Stacy, Norma Stacy, Donald Stacy, and Steve Carvey are barred by Montana's three-year statute of limitations for negligence actions. *Kaeding v. W.R. Grace & Co.*, 961 P.2d 1256, 1259 (Mont. 1998).

The plaintiffs' third objection further supports the conclusion reached by Judge Lynch. The plaintiffs state that they were going to hire expert Terry Spear, but do not have the necessary funds. The plaintiffs do not object to Judge Lynch's determination that his case involves matters beyond the common experience of a lay juror. In such a case, summary judgment dismissal is warranted if the plaintiff fails to present expert testimony necessary to prove the elements of his negligence

claim. *Dubiel v. Mont. Dep't of Transp.*, 272 P.3d 66, 70 (Mont. 2012); Fed. R. Civ. P. 26(a)(2). In light of the lack of expert testimony, the plaintiffs' last two objections do not make summary disposition improper. The record indicates extensive medical information on the plaintiffs, going as far back as 2001. (*See e.g.* Doc. 70-2, 70-3, 70-5.) However, even with those records and factual assertions that BNSF was transporting asbestos, expert testimony is necessary to show the standard of care applicable to a railroad transporting asbestos and whether BNSF's conduct deviated from that standard. Further, the question of whether the plaintiffs developed asbestosis or an asbestos-related disease as a result of having been exposed to asbestos by BNSF involves complex issues of medical causation. Even if the plaintiffs' assertions that they have asbestos-related medical conditions and BNSF transported asbestos through their area are assumed to be true, these facts are insufficient to prove the elements of negligence in the absence of expert testimony.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 146) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that BNSF's motions for summary judgment (Docs. 68, 71, 74, 77, 80) are GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter

4

judgment in favor of BNSF and against the plaintiffs and close this case.

Dated this 27th day of March, 2015.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court